IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FRANK H. KRUSE,              *
                             *
        Plaintiff,           *
                             *
vs.                          *  CIVIL ACTION NO: 12-00212-WS-B
                             *
CORIZON, INC., *et al.*,     *
                             *
        Defendants.          *

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Motion to Render a Default Judgment Against Joshua Robinson (Doc. 110). The motion has been fully briefed and is ripe for resolution.[1] Upon consideration, the undersigned recommends that the motion be **denied**.

### I. Background Facts

Plaintiff Frank H. Kruse, as administrator for the estate of James Michael Hall, who died on April 12, 2010, filed the instant suit alleging that Defendants used excessive force against Hall while he was housed at the Mobile County Metro jail (hereinafter "Metro jail"), and denied him adequate medical care. (Doc. 1). Plaintiff named as Defendants Corizon, Inc., various Corizon, Inc. employees who were assigned to the facility on the date in question, and several correctional

---

[1] The motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

officers who were employed at Metro jail during the relevant period. Joshua Robinson was previously employed as a correctional officer at Metro jail, and is a named Defendant.

The record reflects that summons were issued for Defendant Robinson and the other correctional Defendants on March 27, 2012 (Doc. 2), and that the summons and complaint for each of the named correctional officers were served on Captain Sadie Stallworth at the Metro jail on March 29, 2012 (Doc. 4). An answer was filed on behalf of Defendant Robinson and the other correctional Defendants on April 19, 2012 (Doc. 11).

On March 7, 2013, Plaintiff filed a motion to compel the deposition of Joshua Robinson (Doc. 77) and a motion to compel the correctional Defendants to respond to Plaintiff's written discovery requests (Doc. 78). A discovery conference was conducted on March 12, 2013. At the conference, Plaintiff's counsel reported that despite repeated requests to defense counsel, Defendant Robinson had not been made available for a deposition. Defense counsel advised that Defendant Robinson is no longer employed at Metro jail, that after attempts to reach Defendant Robinson at his last known address proved unsuccessful, a private investigator was engaged, and that the private investigator has not been able to locate Defendant Robinson. Plaintiff's counsel requested and was granted permission to engage his own private investigator to locate

Defendant Robinson so that he could be deposed. (Doc. 80). The Court held the motion to compel the deposition in abeyance while efforts to locate Defendant Robinson were undertaken. Plaintiff's Motion to Compel Discovery Responses from the correctional Defendants was granted. (Docs. 87, 90).

In his instant motion, Plaintiff requests an order entering a default judgment against Defendant Robinson due to his failure to submit responses to Plaintiff's discovery requests [2]. According to Plaintiff, despite the use of an investigator, Defendant Robinson has not been located. Plaintiff requests, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) and (d)(3), that the Court enter a default judgment against Defendant Robinson, and set this matter for a hearing on damages. (Doc. 110 at 2).

In opposition to Plaintiff's motion, defense counsel argues that Plaintiff's request for a default judgment against Defendant Robinson should be denied because it is undisputed that this Defendant has never been served with and has no knowledge of the discovery requests, deposition notices or Court orders; thus, his failure to respond to the discovery requests or to comply with the Court's orders cannot be said to be either willful or in bad faith. Defense counsel also asserts that Plaintiff has not been prejudiced because he has been provided

---

[2] According to Plaintiff, "[a]ll the correctional officers except Joshua Robinson did file written responses..." (Doc. 110 at 2).

copies of Robinson's statement given during an internal affairs investigation, he has deposed witnesses who worked alongside Robinson and observed his interaction with decedent James Michael Hall, he has been provided Robinson's personnel file, and he has been provided the statements of all persons who were present with Robinson during his interactions with the decedent. Finally, defense counsel asserts that Plaintiff's expert, Ron McAndrew, testified that Defendant Robinson did nothing wrong, and that given these circumstances, a default judgment against Defendant Robinson would yield a harsh result. (Doc. 111 at 3).

**II. Discussion**

"District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37[3]." Chudasama v.

_____

[3] Federal Rule of Civil Procedure Rule 37(b)(2) states, in

pertinent party, as follows:

(2) Sanctions in the District Where the Action Is Pending.
(A) For Not obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)- -fails to obey an order to provide or permit discovery, including an order under rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

(i)directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting   or   opposing   designated   claims   or

Mazada Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).  This discretion, however, is not unbridled.  Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993).  Entering a default judgment pursuant to Rule 37 is appropriate "only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders."  Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986); see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993).  The Eleventh Circuit has observed that a "default judgment is a drastic sanction that should only be used in extreme situations because it is preferable for cases to be heard on the merits."  United States v. Varnado, 447 Fed. App'x 48, 51 (11th Cir. 2011).

In order to impose an extreme sanction such as a default judgment, the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately

---

defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in party; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rending a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)

and would not ensure future compliance with court orders." Malautea, 987 F.2d at 1542.

In Malautea, the Eleventh Circuit upheld a default judgment sanction under Rule 37 after finding that "[the] defendants stubbornly withheld discoverable information by improperly objecting to interrogatories and by providing only partial responses to the interrogatories they answered." Id., 987 F.2d at 1539. The Eleventh Circuit noted the district court's orders compelling the defendants to produce information, the defendants' refusal to reveal some of the discoverable information, and the defendants' violation of three clear orders. Id., 987 F.2d at 1543. The Court found that the defendants had been given ample notice of the Court's orders, ample opportunity to comply with them, and ample opportunity to show a legitimate excuse for failing to comply in the face of the possibility that the court would enter a default judgment if the defendants did not comply with their obligations. Id., 987 F.2d at 1543-44. Under these circumstances, the Eleventh Circuit found that "the defendants richly deserved the sanction of a default judgment." Id., 987 F.2d at 1542.

In the case at hand, the undersigned observes, as a preliminary matter, that while the record reflects that the summons and complaint for the correctional defendants were served on Captain Stallworth at the Metro jail, and that an

6

answer was filed on behalf of all of the correctional Defendants, including Robinson, there is nothing in the record that reflects that Defendant Robinson actually received notice of this lawsuit or that he authorized anyone to accept service on his behalf.[4]   Further, the evidence is undisputed that attempts to reach Defendant Robinson at his last known address have proven unsuccessful, and that he has not received notice of Plaintiff's discovery requests nor the Court's discovery orders. Indeed, counsel for Plaintiff and the correctional Defendants have sought to locate him, but his whereabouts remain unknown. And, there is nothing before the Court that suggests that Defendant Robinson is attempting to evade or thwart Plaintiff's efforts to conduct discovery in this case. Because this is not a case in which the defendant has stubbornly refused to participate in discovery, or has willfully thwarted Plaintiff's efforts to conduct discovery, the undersigned finds that it would not be appropriate to impose the harsh sanction of a default judgment under the circumstances presented. Accordingly, the undersigned recommends that Plaintiff's Motion to Render a Default Judgment (Doc. 110) be **denied.**

---

[4] It is not clear from the record when Defendant Robinson ceased working at the Metro jail.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **30th** day of **May, 2013.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**